First is Clark v. United States, Mr. Austin and Mr. Sanders. Mr. Austin, whenever you're ready. Thank you. Good morning, Your Honors. Evan Austin with the Office of the Federal Public Defender on behalf of Kent Clark. I'd like to reserve three minutes for rebuttal. Weren't you just recently a clerk here? Yes, Your Honor, last term for Judge Puentes. That's pretty quick. Come back. I agree, Your Honor. You're a glutton for punishment. Yes. Happy to be here, Your Honor. We're happy to have you. Okay. Thank you. May it please the Court. In this case, the District Court granted Mr. Clark's motion to vacate a conviction under 28 U.S.C. 2255, but then found that it lacked a, quote, cognizable legal basis for resentencing. That conclusion was based on the Court's belief that it could only resentence Mr. Clark if that remedy... Is this new sentence unlawful in any way? I'm sorry, Your Honor. Is this new sentence unlawful in any way? Well, Your Honor, it was the District Court did not understand its discretion to grant a resentencing in this case. That is the core of the error. So, Your Honor, the District Court believed that it could... So you want a full resentencing? Your Honor, we believe that Mr. Clark is entitled to a full resentencing, but in the alternative, we believe that the Court can remand for further proceedings so that the District Court can properly exercise its discretion under 2255 to select the appropriate remedy. But in the end, what difference is it going to make for this person? Well, Your Honor, we believe at a resentencing hearing, there is new evidence in this case, changed circumstances that Mr. Clark can present to the Court. Namely, it's been over 30 years since the original sentencing hearing in this case. Mr. Clark is now 68 years old. But he had a life sentence, right? Yes, Your Honor. It was not a mandatory life sentence. So he did have a life sentence on another count. But, Your Honor, in Concepcion v. United States, the Supreme Court clarified that District Courts are always permitted and always must consider intervening changes of fact at a resentencing hearing. And that would include the fact that Mr. Clark is now 68 years old and the fact that he was diagnosed with dementia, which has severely impacted his ability to function on a day-to-day basis. But 2255 gives, what, four remedies that you can... Yes, Your Honor. And in effect, he's challenging, what, the choice of remedy, isn't he? Yes, Your Honor. So why don't, I mean, I realize there's a circuit split, but why don't we just follow what the 11th Circuit does in Cody as opposed to what the 4th Circuit did in Haddon and the 6th Circuit in Ajon? Yes, Your Honor. Well, as the 4th and 6th Circuit held, an appeal from a choice of remedy is really an appeal from a new sentence that's been entered in the criminal case because the judgment has been vacated and a new judgment has been entered. And that is normally immediately appealable under 18 U.S.C. 3742 as well as 28 U.S.C. 1291. So I understood your brief to be arguing that this was a direct appeal from a new sentence and you didn't need a COA. But it sounds like where you're talking about choice of remedy, you're talking about the 2255 stage. So is it your position now that you do need a COA to have an appeal? No, Your Honor. We still maintain that a COA is not required. However, if the court believes that a COA is required in this circumstance, we have still met the standard for one and there is still jurisdiction. And there's two reasons for that, Your Honor. The first is that under SLAC v. McDaniel, all you need to obtain a COA is a substantial underlying constitutional claim in the habeas petition and then a procedural error in the district court. And Mr. Clark has both of those. Well, they have to be connected, right? I mean, you have to show that the district court's resolution of the constitutional claim, the Davis claim, was debatable among jurists to reason. Yes, Your Honor. So how have you shown that? Yes, Your Honor. So the procedural error here, which is at least debatable among reasonable jurists, is that the district court here did not understand its discretion to choose among those four remedies and to grant Mr. Clark a resentencing. The district court made several statements that indicated that it did not believe it had the authority to resentence Mr. Clark in this case. And, Your Honor, on page 18 of the appendix, for example, the district court stated, Petitioner has not established that the counts of his conviction are interdependent and his sentence was a package and he is not entitled to a full resentencing. The court then went on to say, Petitioner's arguments about his ailing health, his post-sentencing rehabilitation, his family's concern for his welfare, and the weak evidence in his case are not justifications for a full resentencing either, absent a cognizable legal basis for resentencing. So, Your Honor, I think that statement shows that the court believed that there was not a cognizable legal basis for resentencing in this case. And, of course, there was a cognizable legal basis under 2255B. The district court had broad discretion to grant a resentencing. And in exercising that discretion, the district court was required to consider all of Mr. Clark's arguments. And as the Supreme Court recently stated in Concepcion, district courts always have an obligation to consider non-frivolous arguments raised by the parties. The district court seemed to consider the arguments that he was, the way he phrased it, was a changed man, and that he may have been innocent and things like that. The district court considered all of those arguments and it sounds like it decided that a resentencing hearing was not necessary nonetheless. So what else was the court to consider? Your Honor, respectfully, I don't think, I think that while the court acknowledged that Mr. Clark raised those arguments and submitted that evidence, the court stated that it could not consider that evidence at this stage because it believed that it could only consider that evidence at a resentencing hearing. And that was error. As the Supreme Court said in Concepcion, district courts are obligated to consider non-frivolous arguments both at a resentencing hearing and in determining whether to grant resentencing. I'm sorry. No, Your Honor. Can we back up for a minute? You say you don't need a COA. Is that because you say the appeal is from the new sentence and not from the 2255 order? Yes, Your Honor. That is the logic that the Fourth Circuit and Sixth Circuit have adopted. Okay, but the notice of appeal identifies the August 12th order, which was the final 2255 order, and that amended criminal judgment was dated August 24th. I don't see how it is not an appeal from the 2255 order. Yes, Your Honor. So it is true that the notice of appeal did designate the 2255 order. However, the notice of appeal, first of all, the notice of appeal was filed after the criminal judgment was entered, so it was not an interlocutory appeal. The judgment had already been entered. And in addition, Your Honor, under Rule 3C7 of the Federal Rules of Appellate Procedure, it's a new rule, somewhat new rule. The rule says an appeal must not be dismissed for failure to properly designate the judgment if the notice of appeal was filed after entry of judgment and designates an order that merged into that judgment. So, in other words, Your Honor, even if Mr. Clark should have designated the amended judgment in the notice of appeal, this Court can construe his notice of appeal as including that order because it was filed after the amended judgment. And I know, Your Honor, that the government argues that the 14-day deadline for criminal appeals applies, but that is incorrect. Under Rule 11 of the Rules Governing Proceedings under 2255, it specifically says that the deadline from the civil rules, Rule 4A of the Civil Rules of Procedure, apply, which means that we did have 60 days to appeal the judgment. Your Honor, so — But you never filed a further notice of appeal. I mean, you met the — you complied with the 60 days when you filed the first notice — the only notice of appeal from the 2255 order, and you never filed a further one. That's correct, Your Honor. There is just the one notice of appeal, but that notice of appeal was sufficient to appeal both the 2255 order and the criminal judgment, and that is because of Rule 3C7 of the Federal Rules of Appellate Procedure. I'm a bit lost on one thing. It looks to me like your argument is that Clark is entitled to a new resentencing hearing. That's a process. But you don't challenge the new sentence itself that I can find. Is that correct? Well, Your Honor, no. We are appealing the new sentence and the amended judgment that was entered, as well as the choice of remedy, but at least, Your Honor, the court should remand for further proceedings on the 2255 choice of remedy decision if the court believes that it cannot remand for a full resentencing. So you're saying the new sentence was somehow unlawful? Your Honor, it was unlawful to the extent that the district court did not properly consider its discretion to impose — to grant a full resentencing. So the corrected sentence was imposed without the district court understanding its discretion to go another route. The court's considering this as 2255. I mean, I'm looking at Appendix 14. Section 2255 provides a flexible remedy, and a court has the discretion to vacate the judgment, grant a new trial, resentence, or correct sentences as may appear appropriate. That's obviously a reference to the remedies of 2255. And then at the Appendix 18, the court is satisfied that it is within the court's discretion to vacate Petitioner's 924C conviction and five-year consecutive sentence, but leave the other convictions and sentences undisturbed. So the court seems to be acknowledging its own discretion. I'm at a loss to see what else can be done. And it looks like the appeal, I mean, all you can do is look at what is actually before us. It's from a 2255 order. Two points, Your Honor. First, it's true that the district court did make a few statements where it stated the standard and stated that it had the discretion. However, it made several other statements indicating that it did not understand at least the scope of its discretion. So in addition to that footnote on page 18 of the appendix where the district court talks about there being no cognizable legal basis, on page 17 of the appendix, Your Honor, the district court said Petitioner's reliance on Pepper is also misplaced. And then the district court said Petitioner's argument presumes in the first instance that Petitioner is entitled to have his entire sentence vacated and a full resentencing conducted in this habeas proceeding, and the court has determined that he is not. So I also want to stress that if there is any ambiguity about whether the district court did understand its discretion or did not, the court should remand. Well, what I'm reading to you, it sounds like the court didn't make any ambiguous statement as to the court's discretion. Your Honor, I see that. My time is up, and I'm happy to. You're fine. Okay. Your Honor, I just think that there are contradictory statements. And this is the same situation that occurred in Ajon, the United States, where the district court in Ajon said that it was not granting a full resentencing because the vacated count did not affect the sentence on the other counts. And on appeal, the government argued that the district court understood its discretion and simply chose not to grant a resentencing. But the Sixth Circuit said it could not tell whether the district court exercised its discretion or thought that it had none. And so the Sixth Circuit remanded to make sure that the district court understood its discretion. And on remand, the district court granted a full resentencing. So, Your Honor, I think the most prudent course here is if there is any ambiguity and there is, that the court should remand to ensure that the district court understood it had the ability to grant a resentencing. I don't recall. Do we know from the Ajon opinion whether the district court made any sort of Your Honor, I'm not sure off the top of my head whether the district court, but, again, I think if there are contradictory statements, the court should not speculate and it should not take a risk. It should remand to ensure that the district court understood its discretion to grant Mr. Clark a resentencing. And, Your Honor, a final point I'll make is even if the district court did understand its discretion, it explicitly refused to consider Mr. Clark's and the changed circumstances in this case. And that was also error. Under Concepcion, the district court was required to consider. It was not required to accept all of Mr. Clark's arguments, but it was required to consider them. But didn't Concepcion arise in a situation where it was undisputed that a resentencing hearing was necessary? No, Your Honor. I believe Concepcion dealt with the section 404 of the First Step Act says that district courts may impose a reduced sentence. So it's discretionary. And Concepcion held that in making that discretionary decision as to whether to grant a resentencing hearing, courts are required to consider all arguments, including intervening changes of fact. And the same applies here. There is no limitation in 2255 on what district courts can consider. 2255 does not say that district courts can only grant resentencing if there is interdependence. There is no such limitation in the statute. And so the district court believed there was such a limitation, and it believed that it could not consider any of Mr. Clark's other arguments in favor of resentencing. All right. Thank you. We'll get you back on record. Thank you. Mr. Sanders. May it please the Court, Stephen G. Sanders, on behalf of the United States, the appellee in this matter. Could I just, on an administrative aspect of this, you note on page 10 of your input note 4 of your brief that the district court erred in failing to order a refund of the specialist. So that's not true. How do we deal with that? Should we just do a separate order or what? Well, I've looked into that issue since I wrote that footnote, and the financial litigation unit people tell me that Mr. Clark, in fact, has not paid the special assessment on that count, so it need not be refunded. All right. So if that's not the case, then you can go to the council and give us a 28-day letter letting us know. But let's go on with this. Okay. So let me start off with the question that Judge Porter posed about Ajon. Is there anything in that opinion from the Sixth Circuit? There is. The government argued to the district court in Ajon that the defendant there, who had a remaining 924C, one of his 924Cs was struck as a result of the 2255 grant, but he had another one that was still there, and the government apparently argued that the district court could not lower the sentences on the other count because of the 924C, which was wrong, and it was under that misapprehension of the law that the district court was laboring or that the Sixth Circuit was afraid the district court was laboring when it decided not to alter the other sentences, and that's a key distinction here. If you try to make this as simple as possible, or at least as simple as possible for me, it seems like what Mr. Austin is saying is that once habeas relief is granted under 2255, isn't the remedy really a part of the underlying criminal proceeding? And obviously there is a circuit split on this. So in your answer, it's not a part of the underlying criminal proceeding. It's still an appeal from the 2255, but what is your reasoning? My reasoning is the same that the Eleventh Circuit used in Cody, and that is that Section 2255 has Section A, which prescribes the circumstances under which a motion to vacate can be granted, and then once a petitioner or a move-on satisfies that standard showing a constitutional or federal legal infirmity in the conviction, prescribes four different remedies that may be imposed as appropriate, and both of those are in the same statute, A and B, right? of the 2255 proceeding as contemplated by 2253C. Now, I grant that there are errors that can be committed even in correcting a sentence that would give rise to a right to appeal. For instance, if a judge increased sentences on other counts while removing the sentence on the invalid count without ordering the defendant in, without conducting a resentencing. Or if there's a sentencing guidelines error. Or if there's a guidelines error, right. And even, and especially in Wiltshire is the case that they cite, but of course in that case the district court granted a resentencing, and it was only from the amended judgment after the resentencing that the defendant took a criminal appeal. Well, how would you know if there were a guidelines error if the district court doesn't calculate the guidelines and hold a hearing to hear arguments? Well, I mean, and of course that only applies in a case where the guidelines are in effect, and this is not one of those cases. But, I mean, my answer to that is if there's a guidelines error that was committed originally in the original sentencing, that does not have, if the district court decides not to conduct a resentencing, then I think the imposition of a sentence, the reimposition of the same sentence doesn't work a new error that's appealable, right. That should have been appealed at the time the sentence was opposed. Okay. I mean, so, but I guess one question is how do you know if the sentence, the corrected sentence imposed as a 2255 remedy was erroneous if the district court is not obligated at the 2255 stage to consider sentencing arguments? I mean, if the court is simply reimposing the sentences on the other counts, right, it does not have to conduct a full resentencing, and that's clear from this court's precedent and from the other circuit's precedent. And then if those sentences are reimposed, the defendant can take a direct appeal from that amended judgment, but his or her options on that appeal are limited, right. And I don't agree, by the way, that the choice of remedy is an appeal from the criminal judgment. I know Ajon and Haddon say that, but when you look at the structure of 2255 and 2253, the choice of those remedies are made in the 2255 proceeding, and that's made plain by the order here. It's the order that granted in part the 2255 motion and then denied the full resentencing that the defendant sought. If Mr. Clark had filed a notice of appeal from the amended judgment, what would his options have been for arguments? Well, as he says in his brief and reply brief, he would still be making this argument, and we would still be arguing as the United States did in Cody that you cannot circumvent the COA requirements simply through the simple expedient of taking an appeal from the final judgment in a criminal case. Okay. So even if he had filed a second notice of appeal in this case, you would say ultimately he was really challenging the choice of remedy, nonetheless? That's correct. And if I can step back to that question, I know I made some strident assertions in my brief about whether the selection of remedy can ever be constitutional, so I want to just soften that a little bit. I think you said, what, debatably constitutional? Or even debatably constitutional. It could be in a case where a district court, let's say, either, as I suggested, corrects other sentences, right, without giving the defendant notice or opportunity to be heard. Let's say the district court says, I only grant plenary resentencings for defendants of a certain race or ethnicity, right, something that's plainly unconstitutional. I mean, it's not that simple. I mean, you must have had in your district cases where Armed Career Criminal Act sentences were vacated after Johnson, and it may have been the only count of conviction. But, you know, so do you necessarily have to have an additional count at issue here? Well, I mean, I'm glad you raised that, Judge Friedman, because, in fact, the 11th Circuit's test in Brown, which is a precedential decision, and that's what they applied in Cody, was just such a case. And in that case, the defendant's act enhancement was ruled invalid, but the district court refused to grant the full resentencing, but the corrected sentence represented a large upward variance from what was now the correct guidelines range. And in that circumstance, the 11th Circuit not only granted a certificate of appealability, because arguably the defendant's right to be present had been violated, a constitutional right, but said if you're going to do this, you need to bring the defendant in and you have to consider his argument. Do you agree with Brown that a COA was warranted in that circumstance? Yes. And the reason one isn't warranted here is because the district court selected the minimal remedy, as it was within its discretion, that corrected the only constitutional violation that the defendant argued. In other words, he was subject to a 924C count that was no longer valid because the residual clause had been invalidated under DMIA, right, Section 16B's residual clause, and the kidnapping count could not be a crime of violence under the elements clause. So by vacating that count and eliminating the consecutive sentence, the district court fully cured the only harm that existed. And so the defendant's argument is that somehow the right to a more generous remedy implicates a debatably constitutional claim I don't think can withstand scrutiny. I would like to, just as a side note, point out, and I know we didn't say this in the brief, it turns out that our only error here, like if we could go back in the time machine, this 924C could have been predicated on the aggravated assault on a postal employee count that was the subject of count four. A solicitor general is not going to allow me to argue that Mr. Clark is not actually innocent in the 924C for that reason because he went to trial. We are only allowed to make those arguments in guilty plea cases. But just as a, you know, we're all standing here because we didn't know this crime of violence jurisprudence was going to come down the way it did. If we had, we could have easily predicated that 924C on the aggravated assault of the postal employee, right? They took his mail truck and his uniform at gunpoint, right? Assault with a dangerous weapon, and that is categorically a crime of violence under the elements clause. Can we talk about whether this is an appeal from the amended criminal judgment or from the 2255 order? You heard our discussion earlier. Sure. What's your response? Well, I mean, I know what I read when I read the notice of appeal, and I know the order it designates. So that's plainly an appeal, and it was filed in the 2255 case. The argument I heard this morning about Rule 3 is entirely new, so I haven't had a chance to think about it, but I now understand the argument to be this was a premature appeal of the sentence in the criminal case by filing a notice of appeal of the 2255 order in the civil case. I don't know if that's a correct reading or if Rule 3 would allow that, but, again, going back to my brief, even if it does, we still have the argument you can't circumvent the COA requirement just by taking an appeal from the amended judgment because at bottom your claim is that the district court erred in its selection of the remedy under 2255B. I guess the suggestion is that they merge. Somehow they merge together. And it's sort of a tough issue, right, because in some districts, like the District of New Jersey, there is a separate civil docket that's open for a 2255 proceeding, but what happens in the 2255 proceeding ultimately has consequences for the criminal proceeding, and it results in the entry of an amended judgment sometimes or an amended order. But we think that if you want to appeal the sentence in the criminal case, you should have to take a separate criminal appeal, and that happened in both, certainly in Haddon, and it happened in, I believe, in Ajon as well, and in Pryor. It doesn't, in your view, it wouldn't have mattered anyway because you would still be making the same argument that he was ultimately, he was asking for an appeal of the 2255 and needed a COA. That's correct. And I just want to. . . And was the deadline for appeal 14 days or 60 days? It's 14 days for the notice of appeal from the amended judgment. It's 60 days from the order in the habeas case, and I don't think that you can apply the 60-day rule because even in the Fourth Circuit, which in Haddon went the defendant's way on this in a subsequent case, which I cited in my brief, it is the Cheney case, right? A defendant tried to rely on the 60-day rule to take an appeal from the amended judgment, and the Fourth Circuit said no, the 14-day rule applies, and you can't take an untimely appeal that way, and they dismissed it. So in Cody, the Eleventh Circuit said that the implementation of a chosen remedy on the criminal docket occurs outside of the 2255 proceeding. Do you agree with that? Yes. The implementation. So if the implementation is the imposition of the corrected sentence in an amended judgment, then following Cody, that could mean that you could take a direct appeal from an amended judgment. Is that right in your view? If there's an error infecting that amended judgment that you can identify, then yes. I mean, I can, again, I can think of an error that either the, let's say it doesn't vacate the fine, it doesn't, it adds restitution amount that wasn't in the original judgment and does so without notice and opportunity to be heard. I think those things would be appealable. As a direct appeal. As a direct appeal, correct, and wouldn't require a certificate of appealability, but where your claim is you should have disturbed the sentences on untainted counts, counts that aren't tainted by any constitutional error, and reconsidered those sentences, that is a debate over the choice of remedy in the 2255 proceeding. If I may. Do you have to at least consider it under your discretion? Consider whether to grant aid in overridden. Yes. And, but what you don't have to do, and I think what the defendant wants is a magic words test, right, where the district court has to say, I know you have what you consider bombshell, you know, great mitigating evidence that you want to put in front of me, but I find it unpersuasive or I find it insufficient, you know, and we don't require district courts to utter magic words. I'm going to push back very strongly on the idea that Judge Arlio didn't understand her discretion here. If the situation in Brown arose here, where there is a one count indictment, 922G, the district court granted relief from that sentence and imposed the stat max, then would that defendant need a COA to file an appeal from the amended judgment? I would say that the defendant would need a COA, arguably, to complain about that remedy, but that COA would be warranted in that circumstance because there's at least a debatable due process violation from, you know, drastically increasing the sentence without hearing the defendant, without bringing the defendant in, without considering anything. But in your view, if that defendant had filed a notice of appeal from the amended judgment itself and said I am filing this as a direct appeal, I don't need to go through the COA process, then is that also a viable route? I don't think so. I think if you're complaining about the remedy that was imposed, right, because although you could argue you've been subject to an upward variance without, you know, the opportunity to be heard, I suppose that could be considered an error that agrees you in your criminal case. May I? I see the red light is on. I want to push back strongly on the notion that there's any ambiguity in this record. Judge Amber, you quoted the language on appendix page 14. The focus of the district court on the interrelatedness of the counts is proper because that's exactly what this court's precedent requires. And I can't see how it would be an abusive discretion for Judge Arlio to say exactly what this court said on direct appeal in Ciavarella in denying a de novo resentencing. There they said the guidelines didn't change, the sentences didn't drive the other counts, and therefore a resentencing isn't required. And here Judge Arlio cited Miller and applied Miller. Miller is a case in which the vacating of one greater included count lowered the guidelines range, and so arguably the defendant would benefit from that on remand, and therefore that, right, so I say that only to argue or to push back against the notion that Judge Arlio was laboring on her belief that the only discretion she had was to increase sentences to account for the vacating in the 924C. She clearly understood that she could lower sentences, she just wasn't persuaded. She had already denied a compassionate release motion by this defendant before, based on these same arguments, before or while his 2255 was pending. It's on the criminal docket. The same arguments were made. She was not persuaded by them, and so why would she be persuaded by them in the context of asking for a de novo resentencing? What the defendant wants you to hold or wants in this court is a ruling saying that she must consider his mitigating evidence at this stage, and then if she does, says it explicitly, and still denies a resentencing, he would still be complaining that she abused her discretion, right? Their brief asks for an outright remand with instructions to grant the de novo resentencing. It's only an argument today that the defendant has said, or you could send it back as an intermediate step for her to say, to exercise her discretion properly. They're basically asking you to hold as a matter of law that a plenary sentencing is required, and it's clearly not. This sounds like a good segue to rebuttal. Yeah, thank you very much for indulging me. We ask you to affirm. Why don't you pick up with Mr. Sanders? Yes, Your Honor. We are not asking for a magic words test here. We are simply asking that the district court demonstrate that it did understand its discretion, and I don't know how the government would explain that statement in the district court's opinion, where it says that there was not a quote cognizable legal basis for resentencing. I don't know how else to explain that other than that meaning that the district court thought that there was no basis for resentencing. Could you explain it by the district court meaning that you hadn't shown that a resentencing was necessary, and so she was exercising her discretion not to grant one? Your Honor, I just think that the phrase cognizable legal basis means there is no legal basis to grant a resentencing. And in addition, Your Honor, I would say that, again, the district court did have to consider the evidence submitted, and the district court said on page 17 that it was not going to consider the evidence under Pepper because it believed that it could not consider that evidence until a resentencing occurred. I still can't get around what she said on appendix 18. The court is satisfied it is within the court's discretion to vacate petitioner's 920C conviction and five-year consecutive sentence but leave his other convictions and sentences undisturbed. I mean, I don't know if I could have written it any better. Your Honor, the district court did state that standard. However, again, the district court only focused on the issue of interdependence if you read the opinion and just did not discuss or weigh the other evidence, did not say that I believe that the evidence is outweighed by the facts of this case. The district court did not weigh the evidence. Your Honor, I just want to address a few other points that the government made. First, the decision in Cheney that says that the 14-day deadline applies, I just think that that is incorrect. Rule 11 of the rules governing proceedings under 2255 says that the civil deadline applies, which is the 60-day deadline. The issue of the aggravated assault and the 924C, the government did not take a cross appeal. So that issue is just not before this court. And, Your Honor, the government's position on whether there is a constitutional issue to satisfy the COA requirement has moved around a lot. First, it was the district court, I'm sorry, the government conceded that the issue was debatably constitutional. And then the position was that it's not constitutional. And now the position is, well, it might be constitutional in some circumstances. I think what that demonstrates is that the issue is debatably constitutional. And that is exactly what the 11th Circuit has held. Although the 11th Circuit requires a COA under Cody, it has granted COAs in at least three cases that involve appeals from choices of remedy. And we filed a Rule 28J letter. Very quickly, how would you very concisely articulate the debatable constitutional issue in this case that would be worthy of a COA? Very quickly, there's two reasons. First, the underlying claim was definitely constitutional. It was a Johnson claim. And the claim on appeal, it's because there is a due process right to be present at a resentencing. And when a district court denies that hearing altogether for an erroneous reason, that violates the right to due process. So, Your Honor, we ask that the court vacate the order of the district court and remand for further proceedings. And that was asked for in our reply brief. That is not new today. Remand for further proceedings so that the district court can properly consider its discretion under 2255. Thank you very much. Thank you. Thank you to both counsel. Thank you for taking this matter on, Mr. Austin. And I would ask if a transcript could be prepared of this whole argument and the government would pick up the cost of that case. Again, very well done, both of you. Thank you. We'll take the matter under advisement.